ZIPER LTD. Thank you, Ms. Stolz. You're on your own. Good morning. May it please the Court, we ask that the Court exercise its jurisdiction and reverse the District Court's grant of summary judgment below. Ms. Stolz, the Court in Alplex and in Aquamarine, both are concerned because the parties are quote, no longer adversaries. Where's your adversary? Well, I still have an adversary. That they chose not to participate in an appeal I don't think indicates that I don't have an adversary. And let me tell you, there's two reasons. One is... Look at the conclusion in Alplex where Judge Bryson spends considerable time on exactly that point, that one party isn't there to litigate. That's true. But I don't think I should be hurt by the Apley's unilateral decision not to come. We didn't ask that they not come. It's not part of the agreement. They have every right to be here. I think the reason why they're not here, I can't talk for them, but you have to look at the District Court's decision below. The District Court came up with new law that nobody argued before it and has no basis in this Court's precedent. Ms. Stolz, let me ask you a question about the agreement that you submitted. And I want to be a little bit careful here because this is all confidential. The entire agreement is marked confidential. But we do have to at least discuss some fundamental issues. And the question I have is, does... The agreement has a royalty obligation. And the question is, does that royalty obligation, the continuation of that royalty obligation, depend at all on the validity of the patents at issue here? I have to be careful too, so I'm pausing to make sure that I don't disclose any confidential information. I think if you look at the dispute resolution procedures in Section 8, you'll see that the parties contemplate there is going to be continuing disputes between the parties. And in those continuing disputes between the parties, validity can be an issue. And that's for future products, other products, and the ones that are in dispute. What about existing products, not future products? Products, well, I can say that there's two things. First of all, the dispute resolution procedures themselves show that that threat is imminent, that the parties contemplate that there will be continuing disputes, or they would not have devoted four pages to that procedure. In addition... But that's a different case for a different day. That's not this case. I think it shows that they have a continuing interest in the declaratory judgment they sought. They sought a declaratory judgment, that's how the case started, a declaratory judgment of invalidity. But are there any products that are at present charged with infringement that are not included and embraced in the settlement? No, Your Honor. I don't know what their plans are either. I would submit that if they were here today, they could answer questions like, what are your plans? Because they've come out with a new product every year for the past several years. But that answers the question. If they're not here, and if you don't know of any accusation of infringement, then how can we say that there's a present controversy? I would say again that I think the agreement itself shows that the parties contemplate that there will be a controversy, that they've come out with new products in the last few years, and that there's a continuing interest in the validity. And I would also refer the Court to some of the Supreme Court's discussion in the Cardinal Campbell case. But that's a future product. I'll say I'm not an advisor. A future product, a future argument. Excuse me? You say they may come out with new products, and therefore you want our advice as to whether some unknown new product, not yet in dispute, perhaps not yet even created, creates a present controversy? I would submit that they have a continuing interest in validity so they can know what to do. We clearly have an interest in the validity of the patent. But that's not an advisory opinion. I would submit that it's not an advisory opinion because of the fact that they routinely offer new printers, and they have an interest in knowing what to do with their new printers and knowing the resolution of this decision below. But that's an advisory opinion unless we're talking about an existing printer where either there was some assertion made with regard to infringement, or there may be some risk perceived that obviously you need to get resolved. But if you're talking about, well, you know, at some future time they may design some future printer that might be the subject of some future debate, that would be an advisory opinion. I agree, but I'm not that speculative. The parties have been in litigation for the past ten years, and they come out with a new printer every year. In addition, we have a situation where there's an agreement between the parties where they contemplate future disagreements, and they have a procedure for setting it up. And so I would say that that helps you with the immediacy and the reality. Again, I want to get back to the question I asked originally. With respect to existing products for which there is an ongoing royalty obligation, does that royalty stream depend upon the validity of the patents ensued here? Because you're challenging the validity, so it doesn't. No, I don't care about what I disclose with respect to competition. Yeah, and I realize that, and I'm trying to be careful as well. Because you're asking us to rule on the validity. So, Mike, what I'm getting at is, is that really a case of controversy, given the fact that this is settled. And it seems to me that what you're saying is that under this agreement, whether we rule one way or the other doesn't make a difference with respect to royalties. They will continue with respect to existing products. That's correct. I would also point out the lump sum amount provided in Section 3.3. And I would submit that it's different here than in OFLEX. The reason why is because it is a reasonable proxy for the value. The reason why is this. It's in relation to the total amount. The reason why it's a reasonable proxy when you look at it is because we're talking about the validity of some claims, of some of the U.S. patents, not all of the U.S. patents, not all of the global patents, not all of the disputes globally or in the U.S. And so in relation to all of that, it's a much more reasonable proxy compared to the whole, instead of what you had in OFLEX. Let me read from Judge Bryson's opinion. I said at the end that here's the last paragraph. I'm starting from the middle. It would no doubt be tempting to set the contingency payment at a level that would be sufficient to avoid the mootness rule of Aquamarine, yet low enough to avoid encouraging the adverse party to participate in the appeal. I say again, where's your opponent? That was not our intent. We would much prefer that they were here. In fact, we feel as if we have been handicapped by not having them here. If they were here, you wouldn't feel the way you do now. That's true. If they were here, they could answer the question about their product. So we have the hidden hand. The market has given us an indication that they don't think that it's important enough to be here. You've set it low enough. I'm concerned that they are benefiting from their failure to attend and participate. I feel as if their unilateral action has handicapped us, as I said before. I would ask that this court think about the U.S. Bancorp case. In U.S. Bancorp, the Supreme Court said that this court should dismiss cases that are moved. But in those circumstances, there are exceptional circumstances where the court could vacate the decision below. And that would be in a situation where the unilateral action of the Attali, for example, impacts the decision. So if you were really, really concerned about their being here, you would have set the number higher. Excuse me? I said if you were really concerned, if you feel really prejudiced by their not being here, you would have set a high enough number in the negotiations where they would be here. Isn't that right? It was not our intent for them not to be here. We don't have any provision in the agreement that they shouldn't be here. And again, we think they have a continued interest. I can tell you that when my client decided to take the appeal was when it became abundantly clear that Markham was going to rely on the district court's decision below and the dispute resolution procedures provided in Section 8. That's when we decided to take the appeal. Now, what is the current situation as to the patents that are in suit? Are they invalid? Currently, the claims at issue are invalid. The district court held that the claims are invalid because even though they're not written in means plus function format, they use functional language. And he became very confused about this court's case law and said that in that situation, when you have functional language, you must disclose the corresponding algorithm in the claim itself. In other words, you have to claim it. Let's assume for the purpose of my next question that you're right, that the district court, this is complicated law and I don't think anybody has it straight. We've done our best to provide something for everybody. If in fact there is no controversy suitable for appeal, what happens to that case? Is that decision null or does it stand unless it's nullified by this court or what? I think that it stands unless it's nullified by this court. And what I would ask is that the court think about the exception in U.S. Bancorp and whether it can exercise that. In addition, in our letter, we ask that the court consider using Rule 60 and directing the case back to the district court so they could consider our request to vacate that decision. I noticed that the agreement was executed prior to the time you filed your blue brief in this case. That's correct. Why doesn't the blue brief even hint at the possibility of some jurisdictional question given the fact that there was an agreement entered into? In hindsight, I wish we would have done that. I really became more involved in this issue and realized the issue when I read the Allplex case when getting ready for oral argument. At least there should have been some recognition of an obligation to notify the court that there's an issue here. Had there been no decision in Allplex and had you not flagged this, this would have just slipped right under the radar. Nobody would have been the wiser. I apologize for the lateness in notifying you. I'm glad that we notified you and we are glad we did it. We wish we would have done it earlier. We really were of the belief that we had jurisdiction and that both parties had an interest and we thought our adversary was going to participate in the appeal. Despite the fact that there was a settlement? The parties, again, my client... I'm not suggesting that there was any attempt to deliberately mislead the court. I'm not suggesting that at all, but it just seems terribly disappointing that this was not flagged and puts the court in a very awkward position. It may also leave your client in an awkward position with an adverse decision on validity and without the opportunity to challenge it. Yes, that's why we're here. We wanted the opportunity to challenge it. We were of the view and maintain the belief that they have an interest in having this patent declared invalid. The other side does. They maintain that interest so that they can have fewer, with respect to the disputes that are expected between the parties as contemplated by the agreement. Any more questions for the show? Thank you for your time. We'll figure it out if we can. That concludes the argumentations for this morning. All rise.